# EXHIBIT A

REC'D YORK CO SHERIFF
5 NOV '24 AM11:50

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
OCTOBER 2024 03625
E-Filing Number: 2410064089

| | |
|---|---|
| PLAINTIFF'S NAME<br>DEBORAH GREEN | DEFENDANT'S NAME<br>WALMART INC., ALIAS: C/O CT CORPORATION SYSTEM |
| PLAINTIFF'S ADDRESS<br>10 CASEY LANE<br>YORK PA 17402 | DEFENDANT'S ADDRESS<br>600 NORTH 2ND STREET SUITE 401<br>HARRISBURG PA 17101 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>SAM'S WEST, INC. D/B/A SAM'S CLUB, ALIAS: C/O CT CORPORATION SYSTEM |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>600 NORTH 2ND STREET SUITE 401<br>HARRISBURG PA 17101 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>SAMUEL PAUL. ROBINSON |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>321 EDGEWOOD ROAD<br>YORK PA 17402 |

TOTAL NUMBER OF PLAINTIFFS: 1

TOTAL NUMBER OF DEFENDANTS: 4

COMMENCEMENT OF ACTION:
- [x] Complaint
- [ ] Petition Action
- [ ] Notice of Appeal
- [ ] Writ of Summons
- [ ] Transfer From Other Jurisdictions

AMOUNT IN CONTROVERSY:
- [ ] $50,000.00 or less
- [x] More than $50,000.00

COURT PROGRAMS:
- [ ] Arbitration
- [x] Jury
- [ ] Non-Jury
- [ ] Other:
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

CASE TYPE AND CODE
2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
OCT 28 2024
L. BREWINGTON

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: DEBORAH GREEN

Papers may be served at the address set forth below.

| | |
|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>SHAWN A. RICCI | ADDRESS<br>MORGAN & MORGAN, P.A.<br>2005 MARKET ST<br>SUITE 350<br>PHILADELPHIA PA 19103 |
| PHONE NUMBER<br>(445)201-8636 — FAX NUMBER<br>(445)201-8736 | |
| SUPREME COURT IDENTIFICATION NO.<br>312550 | E-MAIL ADDRESS<br>shawn.ricci@forthepeople.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*SHAWN RICCI* | DATE SUBMITTED<br>Monday, October 28, 2024, 03:23 pm |

**COMPLETE LIST OF DEFENDANTS:**

1. WALMART INC.
   ALIAS: C/O CT CORPORATION SYSTEM
   600 NORTH 2ND STREET SUITE 401
   HARRISBURG PA 17101
2. SAM'S WEST, INC. D/B/A SAM'S CLUB
   ALIAS: C/O CT CORPORATION SYSTEM
   600 NORTH 2ND STREET SUITE 401
   HARRISBURG PA 17101
3. SAMUEL PAUL. ROBINSON
   321 EDGEWOOD ROAD
   YORK PA 17402
4. JOHN DOE NO. 1-10
   123 UNKNOWN STREET
   UNKNOWN CITY PA 00000

**MORGAN & MORGAN PLLC**
**By: Shawn Ricci**
shawn.ricci@forthepeople.com
PA ID No. 312550
One Commerce Square
2005 Market Street, Ste. 350
Philadelphia, Pennsylvania 19103
445-201-8636 (Phone)
445-201-8736 (Fax)

*Attorneys for Plaintiff,*
*Deborah Greene*

Filed and Attested by the Office of Judicial Records 28 OCT 2024 03:27 pm I. BREWINGTON

**MAJOR JURY MATTER**

| | |
|---|---|
| **DEBORAH GREEN**<br>10 CASEY LANE<br>YORK, PA 17402<br>Plaintiff,<br><br>vs.<br><br>**WALMART INC.**<br>c/o CT CORPORATION SYSTEM<br>600 NORTH SECOND STREET, SUITE 401<br>HARRISBURG, PA 17101<br>&.<br>**SAM'S WEST, INC. D/B/A SAM'S CLUB**<br>c/o CT CORPORATION SYSTEM<br>600 NORTH SECOND STREET, SUITE 401<br>HARRISBURG, PA 17101<br>&.<br>**SAMUEL PAUL ROBINSON**<br>321 EDGEWOOD ROAD<br>YORK, PA 17402<br>&.<br>**JOHN DOE NO. 1-10**<br>Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>TRIAL DIVISION<br><br>CASE NO.<br><br>JURY TRIAL DEMANDED |

## NOTICE TO DEFEND

### NOTICE

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

### AVISO

**LE HAN DEMANDADO A USTED EN LA CORTE.** Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

REC'D YORK CO SHERIFF
6 NOV '24 AM11:51

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

## COMPLAINT

**AND NOW** comes Plaintiff, Deborah Green, by and through her attorneys, Morgan & Morgan PLLC, and files the following Complaint against the Defendants named herein and demands damages of Defendants, jointly and severally, in a sum in excess of the local arbitration limits, exclusive of pre-judgment interest, post-judgment interest and costs, upon the causes of action set forth below. In support of her Complaint, Plaintiff avers as follows:

## I. PARTIES:

1. Plaintiff, Deborah Green, is an adult residing at the above-captioned address.

2. Defendant, Walmart Inc. ("Walmart"), is a foreign business corporation, licensed to business in the Commonwealth of Pennsylvania, with a registered address for service listed in the caption of this Complaint.

3. Defendant, Sam's West, Inc. d/b/a Sam's Club ("Sam's Club"), is a foreign business corporation, licensed to business in the Commonwealth of Pennsylvania, with a registered address for service listed in the caption of this Complaint.

4. Defendants, Walmart and Sam's Club, registered to do business in the Commonwealth of Pennsylvania, and pursuant to Pennsylvania's long arm statute 42 Pa. C.S.A. § 5322 and 42 Pa. C.S.A. § 5301(a)(2)(i), consented to general jurisdiction with the courts of

Pennsylvania.

5. Pennsylvania's consent jurisdiction was found, by the U.S. Supreme Court[1], not to be violative of any constitutional rights of a party who has voluntarily registered with the Commonwealth of Pennsylvania to conduct business within the Commonwealth.

6. In interpreting *Mallory*, the Honorable Judge Abbe F. Fletman recognized that it is controlling concerning Pennsylvania's consent jurisdiction statute.[2] Furthermore, the Pennsylvania Supreme Court has declined to take re-hear *Mallory* subsequent to the U.S. Supreme Court's decision.[3]

7. Further, venue is proper in this Court because Defendants, Walmart and Sam's Club, regularly conduct substantial and continuing business in the City and County of Philadelphia. Pa. R.C.P. 2179(a)(2).

8. Defendant, Samuel Paul Robinson ("Robinson"), is an adult residing at the above-captioned address.

9. Defendant, John Doe No. 1-10 ("John Doe"), is a fictitious individual and/or commercial entity whose identity and whereabouts are currently unknown to Plaintiff despite good faith efforts to ascertain said information.

10. At all relevant times, Walmart, Sam's Club, Robinson, and John Doe (collectively "Defendants") owned, operated, managed, and/or controlled the American chain membership-only warehouse club retail store located at 2801 East Market Street, York, Pennsylvania 17402 (the "subject property").

---

1 *See, Mallory v. Norfolk Southern Railway Company*, 143 S.Ct. 2028 (2023).

2 *See, In Re: Paraquat Products Liability Litigation*, Philadelphia Ct. of Common Pleas, May Term, 2022, No. 559 (Aug. 24, 2023).

3 *Mallory v. Norfolk S. Ry. Co.*, 2023 Pa. LEXIS 1159 (August 29, 2023).

11. At all times material hereto, Defendants were responsible for the care, control, and safety of subject property.

12. At all times material hereto, Defendants acted by and through their agents (actual, express, implied, apparent, ostensible, or otherwise), servants, and/or employees. The identities of these agents, employees, office staff, and maintenance workers who were responsible for providing a safe means of travel through the subject property free of dangerous conditions as well as inspecting, maintaining, repairing, and/or supervising the area(s) in and around the location where Plaintiff fell, is better known to Defendants than they are to Plaintiff.

## II. <u>FACTS GIVING RISE TO THE INCIDENT</u>:

13. On August 6, 2023, Plaintiff went to the subject property and was acting at all times as a business invitee.

14. At all times material hereto, Plaintiff walked in and around the subject property to shop, and while Plaintiff was about five to six feet from the front entrance, Plaintiff was caused to slip and fall without warning on water and/or slippery conditions on the ground.

15. Upon information and belief, Defendants' action and/or inaction, by and through their agents, servants, employees, and/or workman, caused a dangerous condition to accumulate on the ground near the area where Plaintiff fell on the subject property.

16. Despite creating a dangerous condition on the subject property, Defendants, by and through their agents, servants, employees, and/or workman, failed to remedy, fix, and/or address the dangerous condition.

17. Upon information and belief, Defendants knew, or should have known, that a dangerous condition had accumulated on the subject property and that it posed a risk of harm to invitees, including Plaintiff.

18. Upon information and belief, Defendants, by and through their agents, servants, employees, and/or workman, created the defect on the subject property.

19. Despite creating the defect, Defendants did not fix the defective condition on the subject property.

20. Upon information and belief, Defendants, by and through their agents, servants, employees, and/or workman, had notice of the dangerous condition that had accumulated on the subject property, and despite having notice, no Defendant nor any of their agents made any attempt remedy the dangerous condition on the subject property.

21. At all relevant times, the Plaintiff acted in a safe, prudent, and reasonable manner and in no way contributed to her injuries or damages.

22. As a direct and proximate result of the negligence, carelessness, and tortious conduct of Defendants, Plaintiff suffered injuries/damages, some or all of which may be permanent, as further addressed in this Complaint.

## III. INJURIES/DAMAGES SUSTAINED BY PLAINTIFF:

23. As a direct and proximate result of Defendants' negligence, carelessness, and tortious conduct, as described elsewhere in this Complaint, Plaintiff sustained the following personal injuries and damages, some or all of which may be permanent in nature:

a. Tear of rotator cuff tendinopathy;
b. New complete bicep rupture;
c. Arthritis in left knee aggravated by fall;
d. Need for injections and pain management;
e. Anticipated additional future surgical repair(s);
f. Anticipated need for additional injections;
g. Permanent scarring;
h. Permanent loss of full function her affected extremities;
i. Need for physical rehabilitation;
j. Past and future medical, hospital, rehabilitative, and nursing treatment, as well as expenses associated therewith;

k. Lost wages;
l. Diminished earning capacity;
m. Diminished quality of life; and
n. Past and future physical and emotional pain and suffering, mental anguish, humiliation, embarrassment, disfigurement, loss of life's pleasures, diminished ability to ambulate and to engage in activities of daily living, and emotional distress.

## IV. CAUSES OF ACTION:

### COUNT I – NEGLIGENCE
### DEBORAH GREEN v. WALMART INC.

24. The preceding paragraphs are incorporated herein by reference as though fully set forth.

25. At all times, Defendant was vicariously liable for the negligent acts and/or omissions of its employees, agents, ostensible agents, workmen, and/or contractors.

26. The negligence, carelessness, and tortious conduct of Defendant, individually and/or collectively, jointly, and severally, consisted of, but are not limited to, the following:

a. failing to maintain the subject property in a reasonably safe condition;
b. failing to warn persons, such as Plaintiff, of the presence of liquid and other dangerous conditions on the property;
c. failing to exercise reasonable care for the safety of the Plaintiff;
d. creating and leaving a slippery liquid substance in/on the property, frequently in use by the general public and open to business invitees such as the Plaintiff;
e. permitting and allowing persons to walk in, and about, the area of Plaintiff's fall when Defendant knew, or should have known, of the unreasonably dangerous condition(s) which existed;
f. failing to implement policies and procedures for the removal and maintenance of liquid and/or potential slip/trip causing substances and hazards on the property and the area where Plaintiff fell;
g. failing to enforce policies and procedures for the removal and maintenance of liquid substances and hazards on the property and the area where Plaintiff fell;
h. failing to implement policies and procedures pertaining to inspection of the property for dangerous conditions and hazards;
i. failing to undertake timely monitoring and inspections of the property for dangerous conditions;

j. failing to be vigilant with respect to dangerous conditions on the property, including the area where Plaintiff fell;
k. failing to remove, cordon-off, or ameliorate the liquid and other dangerous conditions from the area of the fall, which was subject to significant business invitee traffic, in a timely manner, despite having sufficient time to do so;
l. failing to remedy a known hazardous condition, including any object, equipment, or mechanism that caused the liquid to be present on the floor;
m. appreciating the likelihood that Plaintiff, other business invitees, and/or members of the public would traverse the area, but failing to remove or maintain the liquid and other dangerous conditions on the property, including the area where Plaintiff fell, despite having knowledge that the liquid on the floor would pose a significant risk of serious bodily injury to Plaintiff and to other business invitees;
n. allowing an unreasonably dangerous liquid substance to remain in and around the area of the property where Defendant knew, or had reason to know, that business invitees would travel;
o. creating and/or permitting to exist, and not warning about or eradicating, a dangerous and hazardous condition for business invitees;
p. disregarding the rights and safety of the Plaintiff at the area of the subject incident;
q. failing to remedy unsafe conditions on the premises despite having sufficient time to do so; and
r. disregarding unsafe conditions on the property, including the area of the fall, which posed an unreasonable risk of harm to Plaintiff and other business invitees, despite having knowledge of same and having sufficient time to remedy the unsafe condition.

27. As a direct and proximate result of the negligent, careless, and tortious conduct of Defendant, as described more fully herein, Plaintiff sustained the injuries described earlier in this Complaint.

28. As a direct and proximate result of the negligent, careless, and tortious conduct of Defendant, as described more fully herein, Plaintiff has been forced to expend various and diverse sums of money in an effort to treat herself for her injuries and will continue to be obligated to do so for an indefinite time into the future.

29. The injuries, losses, and damages sustained by Plaintiff were a direct and proximate result of the negligence, carelessness, and tortious conduct of Defendant, and were not due to any

act or failure to act on the part of the Plaintiff.

**WHEREFORE**, the Plaintiff, hereby seeks all damages allowed under the Laws of the Commonwealth of Pennsylvania from Defendant in an amount in excess of $50,000.00, plus interest, costs, attorney's fees, and any other relief this Honorable Court deems appropriate under the applicable statutes of the Commonwealth of Pennsylvania.

**COUNT II – NEGLIGENCE**
**DEBORAH GREEN v. SAM'S WEST, INC. D/B/A SAM'S CLUB**

30. The preceding paragraphs are incorporated herein by reference as though fully set forth.

31. At all times, Defendant was vicariously liable for the negligent acts and/or omissions of its employees, agents, ostensible agents, workmen, and/or contractors.

32. The negligence, carelessness, and tortious conduct of Defendant, individually and/or collectively, jointly, and severally, consisted of, but are not limited to, the following:

a. failing to maintain the subject property in a reasonably safe condition;
b. failing to warn persons, such as Plaintiff, of the presence of liquid and other dangerous conditions on the property;
c. failing to exercise reasonable care for the safety of the Plaintiff;
d. creating and leaving a slippery liquid substance in/on the property, frequently in use by the general public and open to business invitees such as the Plaintiff;
e. permitting and allowing persons to walk in, and about, the area of Plaintiff's fall when Defendant knew, or should have known, of the unreasonably dangerous condition(s) which existed;
f. failing to implement policies and procedures for the removal and maintenance of liquid and/or potential slip/trip causing substances and hazards on the property and the area where Plaintiff fell;
g. failing to enforce policies and procedures for the removal and maintenance of liquid substances and hazards on the property and the area where Plaintiff fell;
h. failing to implement policies and procedures pertaining to inspection of the property for dangerous conditions and hazards;
i. failing to undertake timely monitoring and inspections of the property for dangerous conditions;

j. failing to be vigilant with respect to dangerous conditions on the property, including the area where Plaintiff fell;
k. failing to remove, cordon-off, or ameliorate the liquid and other dangerous conditions from the area of the fall, which was subject to significant business invitee traffic, in a timely manner, despite having sufficient time to do so;
l. failing to remedy a known hazardous condition, including any object, equipment, or mechanism that caused the liquid to be present on the floor;
m. appreciating the likelihood that Plaintiff, other business invitees, and/or members of the public would traverse the area, but failing to remove or maintain the liquid and other dangerous conditions on the property, including the area where Plaintiff fell, despite having knowledge that the liquid on the floor would pose a significant risk of serious bodily injury to Plaintiff and to other business invitees;
n. allowing an unreasonably dangerous liquid substance to remain in and around the area of the property where Defendant knew, or had reason to know, that business invitees would travel;
o. creating and/or permitting to exist, and not warning about or eradicating, a dangerous and hazardous condition for business invitees;
p. disregarding the rights and safety of the Plaintiff at the area of the subject incident;
q. failing to remedy unsafe conditions on the premises despite having sufficient time to do so; and
r. disregarding unsafe conditions on the property, including the area of the fall, which posed an unreasonable risk of harm to Plaintiff and other business invitees, despite having knowledge of same and having sufficient time to remedy the unsafe condition.

33. As a direct and proximate result of the negligent, careless, and tortious conduct of Defendant, as described more fully herein, Plaintiff sustained the injuries described earlier in this Complaint.

34. As a direct and proximate result of the negligent, careless, and tortious conduct of Defendant, as described more fully herein, Plaintiff has been forced to expend various and diverse sums of money in an effort to treat herself for her injuries and will continue to be obligated to do so for an indefinite time into the future.

35. The injuries, losses, and damages sustained by Plaintiff were a direct and proximate result of the negligence, carelessness, and tortious conduct of Defendant, and were not due to any

act or failure to act on the part of the Plaintiff.

**WHEREFORE**, the Plaintiff, hereby seeks all damages allowed under the Laws of the Commonwealth of Pennsylvania from Defendant in an amount in excess of $50,000.00, plus interest, costs, attorney's fees, and any other relief this Honorable Court deems appropriate under the applicable statutes of the Commonwealth of Pennsylvania.

**COUNT III – NEGLIGENCE**
**DEBORAH GREEN v. SAMUEL PAUL ROBINSON**

36. The preceding paragraphs are incorporated herein by reference as though fully set forth.

37. Pennsylvania law clearly allows plaintiffs to assert claims against employees for their own torts.

38. Here, Defendant created an unreasonably dangerous water and/or slippery conditions on near the subject premises' entry/exit.

39. At all times, Defendant was vicariously liable for the negligent acts and/or omissions of its employees, agents, ostensible agents, workmen, and/or contractors.

40. On the date of injury, Defendant was charged with the responsibility of managing and overseeing the subject property floor, including, but not limited to, at all entry/exit points throughout the property for the safety of the business invitees on the subject premises.

41. Defendant was Wal-Mart and Sam's Club's sole agent/employee who was directly charged with the responsibility of contacting and working with vendors and suppliers who provided cleaning supplies for the subject premises' flooring.

42. Defendant caused and/or permitted a dangerous and hazardous condition to exist when he as store manager, was the only agent/employee of Wal-Mart and Sam's Club who was

charged with the responsibility of working with the floor cleaning suppliers and vendors.

43. Defendant directed other agents/employees of the Wal-Mart and Sam's Club in his charge to continue permitting business invitees, such as Plaintiff, to continue walking on liquid and/or slippery condition on the subject premises' floor.

44. The negligence, carelessness, misfeasance, and tortious conduct of Defendant, individually and/or collectively, jointly, and severally, consisted of, but are not limited to, the following:

a. wrongfully created or directed the creation of the dangerous and hazardous liquid and/or slippery condition on the subject premises' floor that caused Plaintiff to fall and sustain injuries;
b. failure to regard the rights, safety, and position of Plaintiff in and about the area of the aforementioned accident;
c. failing to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;
d. failing to maintain the subject property in a reasonably safe condition;
e. failing to warn persons, such as Plaintiff, of the presence of liquid and other dangerous conditions on the property;
f. failing to exercise reasonable care for the safety of the Plaintiff;
g. creating and leaving a slippery liquid substance in/on the property, frequently in use by the general public and open to business invitees such as the Plaintiff;
h. permitting, allowing, and/or directing persons to walk in, and about, the area of Plaintiff's fall when Defendant knew, or should have known, of the unreasonably dangerous condition(s) which existed;
i. ignoring Walmart and Sam's Club's policies and procedures for the removal and maintenance of liquid and/or potential slip/trip causing substances and hazards on the property and the area where Plaintiff fell;
j. failing to enforce policies and procedures for the removal and maintenance of liquid substances and hazards on the property and the area where Plaintiff fell;
k. failing to implement policies and procedures pertaining to inspection of the property for dangerous conditions and hazards;
l. failing to undertake timely monitoring and inspections of the property for dangerous conditions;
m. failing to be vigilant with respect to dangerous conditions on the property, including the area where Plaintiff fell;
n. failing to remove, cordon-off, or ameliorate the liquid and other dangerous

conditions from the area of the fall, which was subject to significant business invitee traffic, in a timely manner, despite having sufficient time to do so;

o. failing to remedy a known hazardous condition, including any object, equipment, or mechanism that caused the liquid to be present on the floor;

p. having prior knowledge of prior slip and falls at or near the location where Plaintiff fell, yet, despite prior and sufficient knowledge of same, failed to remedy a known hazardous condition, including any object, equipment, or mechanism that caused the liquid to be present on the floor;

q. appreciating the likelihood that Plaintiff, other business invitees, and/or members of the public would traverse the area, but failing to remove or maintain the liquid and other dangerous conditions on the property, including the area where Plaintiff fell, despite having knowledge that the liquid on the floor would pose a significant risk of serious bodily injury to Plaintiff and to other business invitees;

r. allowing an unreasonably dangerous liquid substance to remain in and around the area of the property where Defendant knew, or had reason to know, that business invitees would travel;

s. creating and/or permitting to exist, and not warning about or eradicating, a dangerous and hazardous condition for business invitees;

t. disregarding the rights and safety of the Plaintiff at the area of the subject incident;

u. failing to adequately maintain the floor cleaning machines on the subject premises and/or properly train and supervise the employees under her supervision;

v. failing to remedy unsafe conditions on the premises despite having sufficient time to do so; and

w. disregarding unsafe conditions on the property, including the area of the fall, which posed an unreasonable risk of harm to Plaintiff and other business invitees, despite having knowledge of same and having sufficient time to remedy the unsafe condition.

45. As a direct and proximate result of the negligent, careless, misfeasance, and tortious conduct of Defendant, as described more fully herein, Plaintiff sustained the injuries described earlier in this Complaint.

46. As a direct and proximate result of the negligent, careless, misfeasance, and tortious conduct of Defendant, as described more fully herein, Plaintiff has been forced to expend various and diverse sums of money in an effort to treat herself for her injuries and will continue to be obligated to do so for an indefinite time into the future.

47. The injuries, losses, and damages sustained by Plaintiff were a direct and proximate result of the negligence, carelessness, misfeasance, and tortious conduct of Defendant, and were not due to any act or failure to act on the part of the Plaintiff.

**WHEREFORE**, the Plaintiff, hereby seeks all damages allowed under the Laws of the Commonwealth of Pennsylvania from Defendant in an amount in excess of $50,000.00, plus interest, costs, attorney's fees, and any other relief this Honorable Court deems appropriate under the applicable statutes of the Commonwealth of Pennsylvania.

**COUNT IV – NEGLIGENCE**
**DEBORAH GREEN v. JOHN DOE NO. 1-10**

48. The preceding paragraphs are incorporated herein by reference as though fully set forth.

49. At all times, Defendant was vicariously liable for the negligent acts and/or omissions of its employees, agents, ostensible agents, workmen, and/or contractors.

50. The negligence, carelessness, and tortious conduct of Defendant, individually and/or collectively, jointly, and severally, consisted of, but are not limited to, the following:

a. failing to maintain the subject property in a reasonably safe condition;
b. failing to warn persons, such as Plaintiff, of the presence of liquid and other dangerous conditions on the property;
c. failing to exercise reasonable care for the safety of the Plaintiff;
d. creating and leaving a slippery liquid substance in/on the property, frequently in use by the general public and open to business invitees such as the Plaintiff;
e. permitting and allowing persons to walk in, and about, the area of Plaintiff's fall when Defendant knew, or should have known, of the unreasonably dangerous condition(s) which existed;
f. failing to implement policies and procedures for the removal and maintenance of liquid and/or potential slip/trip causing substances and hazards on the property and the area where Plaintiff fell;
g. failing to enforce policies and procedures for the removal and maintenance of liquid substances and hazards on the property and the area where Plaintiff fell;

h. failing to implement policies and procedures pertaining to inspection of the property for dangerous conditions and hazards;

i. failing to undertake timely monitoring and inspections of the property for dangerous conditions;

j. failing to be vigilant with respect to dangerous conditions on the property, including the area where Plaintiff fell;

k. failing to remove, cordon-off, or ameliorate the liquid and other dangerous conditions from the area of the fall, which was subject to significant business invitee traffic, in a timely manner, despite having sufficient time to do so;

l. failing to remedy a known hazardous condition, including any object, equipment, or mechanism that caused the liquid to be present on the floor;

m. appreciating the likelihood that Plaintiff, other business invitees, and/or members of the public would traverse the area, but failing to remove or maintain the liquid and other dangerous conditions on the property, including the area where Plaintiff fell, despite having knowledge that the liquid on the floor would pose a significant risk of serious bodily injury to Plaintiff and to other business invitees;

n. allowing an unreasonably dangerous liquid substance to remain in and around the area of the property where Defendant knew, or had reason to know, that business invitees would travel;

o. creating and/or permitting to exist, and not warning about or eradicating, a dangerous and hazardous condition for business invitees;

p. disregarding the rights and safety of the Plaintiff at the area of the subject incident;

q. failing to remedy unsafe conditions on the premises despite having sufficient time to do so; and

r. disregarding unsafe conditions on the property, including the area of the fall, which posed an unreasonable risk of harm to Plaintiff and other business invitees, despite having knowledge of same and having sufficient time to remedy the unsafe condition.

51. As a direct and proximate result of the negligent, careless, and tortious conduct of Defendant, as described more fully herein, Plaintiff sustained the injuries described earlier in this Complaint.

52. As a direct and proximate result of the negligent, careless, and tortious conduct of Defendant, as described more fully herein, Plaintiff has been forced to expend various and diverse sums of money in an effort to treat herself for her injuries and will continue to be obligated to do so for an indefinite time into the future.

53. The injuries, losses, and damages sustained by Plaintiff were a direct and proximate result of the negligence, carelessness, and tortious conduct of Defendant, and were not due to any act or failure to act on the part of the Plaintiff.

**WHEREFORE**, the Plaintiff, hereby seeks all damages allowed under the Laws of the Commonwealth of Pennsylvania from Defendant in an amount in excess of $50,000.00, plus interest, costs, attorney's fees, and any other relief this Honorable Court deems appropriate under the applicable statutes of the Commonwealth of Pennsylvania.

Respectfully submitted,

**MORGAN & MORGAN PLLC**

Dated: October 28, 2024

*/s/ Shawn A. Ricci*
SHAWN A. RICCI

Docusign Envelope ID: C7951C43-90AD-4B6E-8CD8-2ACC1BAF58CD

**VERIFICATION**

I, Deborah Green, hereby depose and state that I am the Plaintiff, that I have reviewed the foregoing Complaint, and that the facts contained therein are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are made subject to penalties of 18 Pa.C.S. §4904 relating to unsworn falsifications to authorities.

Dated: 10/28/2024 By: Deborah Green